IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| COULOMB SOLUTIONS INC.,<br><br>                  Plaintiff,<br><br>vs.<br><br>WORKHORSE TECHNOLOGIES INC.,<br><br>                  Defendant. | Case No. 2:24-cv-11048<br><br>Hon: |

# COMPLAINT

Plaintiff COULOMB SOLUTIONS INC. ("Plaintiff" or "CSI") complains and alleges against defendant WORKHORSE TECHNOLOGIES INC. ("Defendant" or "Workhorse") as follows:

## PARTIES

1. Plaintiff is a corporation incorporated in the State of Delaware, and has its principal place of business in the State of California.

2. Defendant is a corporation incorporated in the State of Nevada, and has its principal place of business in the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Diversity of citizenship exists because Plaintiff is a citizen of Delaware and California, and Defendant is a citizen of Nevada and Ohio.

4. Personal jurisdiction over Defendant is proper. Defendant has entered into a confidential *Supply Agreement* dated April 30, 2021, with Plaintiff (the "Agreement"), in Defendant consented to the jurisdiction of this Court under the terms of the Agreement. A true and correct copy of the Agreement, redacted and without exhibits in order to protect trade secrets and other confidential information, is attached hereto as "**Exhibit A.**" Specifically, under Paragraph 33 of the

Agreement:

> Exclusive jurisdiction and venue over any and all disputes between the parties arising under this Agreement that are not resolved by mutual agreement shall be in, and for such purpose each party hereby irrevocably submits to the jurisdiction of, the Federal and state courts located in the City of Detroit, State of Michigan.

5. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391 because Defendant maintains an engineering and technical design center in Wixom, Michigan and consented to personal jurisdiction in this judicial district under the terms of the Agreement.

## GENERAL ALLEGATIONS

6. Plaintiff is the leading North American full-service provider of components and electrification solutions for the commercial truck and bus industry, and the authorized North American distributor of commercial vehicle batteries for CATL, the largest Li-Ion battery designer and manufacturer in the world.

7. Defendant Workhorse is a manufacturer of ground and air-based electric vehicles to the last-mile delivery sector.

8. The parties entered into the Agreement on April 30, 2021. The Agreement sets forth the terms and conditions applicable to the sale and purchase of certain battery products for electric vehicles for commercial and/or industrial applications (the "Goods").

9. Under the terms of paragraph 3 of the Agreement, Defendant agreed to pay Plaintiff's invoices in accordance with the payment terms set forth in the Agreement.

10. Under Paragraph 3 of the Agreement, Defendant agreed that payment of invoices shall not be delayed for any reason or contingent upon Defendant's receipt of any payment from or action by any other party.

11. Defendant further agreed under Paragraph 3 of the Agreement to pay all costs associated with collection, including reasonable attorney's fees, if Defendant is in breach of its payment obligations under the Agreement.

12. Defendant also agreed in paragraph 15.c of the Agreement that it will be charged 1.5% interest per month for any outstanding balance.

13. As set forth in paragraph 2 of the Agreement, delivery terms for the Goods were DDP

Plaintiff's warehouse near the Port of Los Angeles, and the title and risk of loss to the Good transferred from Plaintiff to Defendant upon tender for delivery.

14. Beginning on or around 2021, Plaintiff delivered conforming Goods to Defendant in accordance with the Agreement.

15. Defendant accepted the Goods without objection.

16. Upon information and belief, Defendant used the Goods in commerce.

17. On or about October 31, 2023, Plaintiff issued Invoice Number 3547 in the amount of $608.74 for Goods delivered to and accepted by Defendant (the "Invoice 3547").  The payment term of Invoice 3547 was net 30, and became due on November 30, 2023.  Defendant has failed to pay Invoice 3547 in whole or part.

18. On or about December 14, 2023, Plaintiff issued Invoice Number 3631 to Defendant in the amount of $3,654.00, for Goods delivered to and accepted by Defendant (the "Invoice 3631").  The payment term of Invoice 3631 was net 30, and became due on January 14, 2024.  Defendant has failed to pay Invoice 3631 in whole or part.

19. On or about December 15, 2023, Plaintiff issued Invoice Number 3633 to Defendant in the amount of $448.72, for Goods delivered to and accepted by Defendant (the "Invoice 3633").  The payment term of Invoice 3633 was net 30, and became due on January 14, 2024.  Defendant has failed to pay Invoice 3633 in whole or part.

20. On or about December 27, 2023, Plaintiff issued Invoice Number 3674 in the amount of $464,900.00 for Goods delivered to and accepted by Defendant (the "Invoice 3674").  The payment term of Invoice Number 3674 was net 45 days, and became due on February 11, 2024.  Defendant has failed to pay Invoice 3674 in whole or part.

21. On or about December 31, 2023, Plaintiff issued Invoice Number 3682 in the amount of $2,482,019.50 for Goods delivered to and accepted by Defendant ("Invoice 3682").  The payment term of Invoice Number 3682 was net 30 days and became due on February 10, 2024.  Defendant has failed to pay Invoice 3682 in whole or part.

22. On or about January 18, 2024, Plaintiff issued Invoice Number 3745 in the amount of $659.58 for Goods delivered to and accepted by Defendant ("Invoice 3745").  The payment term of

Invoice Number 3745 was net 30 days and became due on February 17, 2024. Defendant has failed to pay Invoice 3745 in whole or part.

23. On or about January 24, 2024, Plaintiff issued Invoice Number 3751 in the amount of $329.79 for Goods delivered to and accepted by Defendant ("Invoice 3751"). The payment term of Invoice Number 3751 was net 30 days and became due on February 23, 2024. Defendant has failed to pay Invoice 3751 in whole or part.

24. Defendant has not provided notice to Plaintiff of any dispute as to the charges on any of Plaintiff's invoices or any nonconformities in the Goods.

25. As of March 28, 2024, Defendant is indebted to Plaintiff in the total amount of $2,952,620.33 for the Goods delivered to and accepted by Defendant under the terms of the Agreement, as reflected to the invoices identified above (the "Delinquent Invoices").

26. In addition to the Delinquent Invoices, Defendant owes Plaintiff the additional amount of $1,044,000.58 for volume-based price adjustments required under paragraph 1 of the Agreement (the "2021 True-Up").

27. Defendant has failed to pay the 2021 True-Up as it has become due under the terms of the Agreement.

28. On April 16, 2024, following earlier attempts to obtain payment from Defendant, Plaintiff sent Defendant written notice of breach and demand for payment.

29. Despite Plaintiff's notice and demand, Defendant has failed and refused to pay the amounts due under the Agreement.

## COUNT I
**(Breach of Contract)**

30. Plaintiff incorporates by this reference each of the allegations set forth in all preceding paragraphs, as if fully set forth herein.

31. The Agreement constitutes a valid, binding, and enforceable contract for the sale of goods.

32. Plaintiff has fulfilled all of its obligations under the Agreement and is not in breach of any contract or agreement with Defendant.

33. Defendant has materially breached the Agreement by failing to pay in accordance with the Agreement.

34. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and continues to suffer damages, including contractual interest of 1.5% per month and all costs associated with collection, including reasonable attorney's fees and expenses, in an amount exceeding $4,000,000, the precise amount of which is to be determined at trial

## COUNT II

### (Unjust Enrichment)

35. Plaintiff incorporates by this reference each of the allegations set forth in all preceding paragraphs, as if fully set forth herein.

36. Plaintiff has conferred direct benefits on Defendant in the form of delivering Goods, which Defendant accepted and used in its business by incorporating them in vehicles that Defendant sells in commerce for profit.

37. It would be inequitable for Defendant to retain the benefits of the Goods without payment to Plaintiff.

38. Defendant has been and will continue to be unjustly enriched by its inequitable conduct.

39. As a direct and proximate result of Defendant's inequitable conduct, Plaintiff has suffered damages. Accordingly, Plaintiff is entitled to restitution for the full amount by which Defendant was unjustly enriched.

## PRAYER FOR RELIEF

Based on all of the foregoing, Plaintiff prays for judgment as follows:

A. A money judgment in favor of Plaintiff against Defendant in the principal amount of $3,996,620.91;

B. A money judgment in favor of Plaintiff and against Defendant pursuant to paragraphs 3 and 15 of the Agreement for interest at the rate of 1.5% per month on the outstanding balance plus all costs, including reasonable attorneys' fees and expenses, associated with collection of the balance due;

C.      All interest, costs, and attorneys' fees and expenses to the extent allowed by law; and

D.      Such other and further relief as the Court may determine to be just and equitable in the circumstances.

DATED: April 19, 2024

Respectfully submitted,

**MEYERS LAW GROUP, P.C.**

By:    */s/ Merle C. Meyers*
MERLE C. MEYERS, CA Bar No. 66849
100 Shoreline Highway, Suite B-160
Mill Valley, California 94941
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: meyers@meyerslawgroup.com
Email: kquonbryant@meyerslawgroup.com

Attorneys for Plaintiff

and

**KERR, RUSSELL AND WEBER, PLC**

By: */s/ James E. DeLine*
JAMES E. DELINE (P45205)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 961-0200
Email: jdeline@kerr-russell.com

Attorneys for Plaintiff