UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COULOMB SOLUTIONS, INC.,

    Plaintiff,

v.

WORKHORSE TECHNOLOGIES, INC.,

    Defendant.

_____/

Case No. 24-11048

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [27]**

    Plaintiff Coulomb Solutions, Inc., brings breach of contract and unjust enrichment claims against Defendant Workhorse Technologies, Inc., in this Court based on diversity jurisdiction. (ECF No. 1.) The matter is before the Court on Plaintiff's motion for summary judgment as to its breach of contract claim. (ECF No. 27.) Defendant opposes the motion. (ECF No. 29.) Plaintiff has filed a reply. (ECF No. 30.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiff's motion will be decided on the briefs and without oral argument. For the reasons below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

**I.    Background**

    Plaintiff is a supplier of electrification solutions for the commercial truck and bus industry. Plaintiff is also the authorized North American distributor of commercial lithium-ion batteries for CATL, a lithium-ion battery manufacturer. Defendant is a publicly traded manufacturer of electric last-mile delivery vans. Defendant uses lithium-ion batteries to power its delivery vans. Defendant selected Plaintiff to supply the batteries for its vans.

1

On April 30, 2021, Plaintiff and Defendant entered into a written supply agreement governing the purchase of battery products from Plaintiff for Defendant's model C-1000 van. (ECF No. 27-4.) The agreement included a minimum annual purchase commitment and a mathematical formula to compute a "shortfall" amount due to Plaintiff if Defendant failed to meet the minimum commitment. (*Id.* at PageID.306-07.) On January 8, 2021, Defendant ordered 300 battery systems. Through a separate order dated May 10, 2021, Defendant ordered another 400 battery systems. Plaintiff avers that this brings the total quantity of battery systems to 700 but the minimum purchase commitment set forth in the 2021 agreement is 1,500. On July 15, 2022, Plaintiff sent Defendant an invoice in the amount of $1,435,860 for the "shortfall." (ECF No. 27-8.) Defendant contends that it paid $400,000 towards this invoice.

In June 2023, Defendant issued two blanket purchase orders to Plaintiff for battery systems for its new W56 van. (ECF No. 27-12.) The blanket purchase orders specified the particular parts to be ordered and the price per part but did not include the quantity of the parts. The blanket purchase orders also stated "50PP/N 30," which means that fifty percent of the payment is due upon order and the remaining fifty percent is due thirty days after receipt of the invoice. On November 28, 2023, Defendant issued releases to Plaintiff for 100 battery systems. (ECF No. 27-14.) Defendant prepaid fifty percent of the purchase price upon issuance of the release, Plaintiff delivered all 100 of the battery systems, and Defendant accepted delivery of the items. On January 2, 2024, Defendant issued a separate release to Plaintiff for 100 battery chargers. Plaintiff delivered all 100 of the battery chargers, and Defendant accepted delivery of those items. Plaintiff then issued a series of seven invoices indicating that there was an outstanding balance of

$2,952,620.33 for the battery systems and chargers delivered and accepted pursuant to these releases. (ECF Nos. 15-21.)

## II.     Summary Judgment Standard

Summary judgment under Federal Rule of Civil Procedure 56(a) is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When reviewing the record, "'the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'" *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (quoting *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). Furthermore, the "'substantive law will identify which facts are material,' and 'summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 327 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden "of establishing the 'absence of evidence to support the nonmoving party's case.'" *Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden, the nonmoving party 'must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor.'" *Id.* at 839 (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992)).

## III.    Analysis

Plaintiff alleges that Defendant breached the 2021 supply agreement entered into between the parties and also breached the 2023 release-by-release contracts they later agreed to. Defendant argues that all the invoices and goods at issue were submitted and

3

purchased pursuant to a 2023 agreement "as reflected in the subject invoices, correspondence and drafts exchanged between the parties, and other parol evidence." (ECF No. 29, PageID.437.)

Plaintiff argues that Defendant breached the 2021 supply agreement by failing to pay the "shortfall" amount. Defendant notes that the terms being negotiated for incorporation into a new supply agreement in 2023 included forgiveness of any "shortfall" amount that may have been due under the 2021 supply agreement. Thus, Defendant argues that there is a genuine issue of material fact regarding whether Plaintiff may recover any or all of the shortfall amount. By stating that "[f]or purposes of this motion and to avoid any disputed issue of material fact, [Plaintiff] will give [Defendant] full credit for the $400,000 that [it] claims it paid towards the $1,435,860 Shortfall amount, leaving a balance due of $1,035,860," (ECF No. 27, PageID.212), it appears that Plaintiff acknowledges as much, at least as to the amount that may be owed. And by arguing that there was a meeting of the minds regarding the 2023 release-by-release contracts, Plaintiff calls into question the assertion that the parties must fall back on the terms of the 2021 supply agreement. Thus, the Court finds that Plaintiff is not entitled to summary judgment as to any "shortfall" amount.

With regard to the 2023 release-by-release contracts, Plaintiff notes that the goods, price, and payment terms were set forth in the blanket purchase orders and asserts that the quantity term can be supplied through the releases themselves. The Michigan Supreme Court has recognized the enforceability of such release-by release contracts. In *MSSC Inc. v. Airboss Flexible Prods. Co.*, 999 N.W.2d 335, 340 (Mich. 2023), the court explained that such "agreements are governed by a blanket purchase

4

order that sets the overall contract terms, and the buyer issues subsequent releases that set forth the specific quantity the buyer needs." "[T]he blanket purchase order does not set forth the share of the buyer's need to be purchased from the supplier" like a requirements contract does. *Id.* "Instead, the purchase order is more appropriately thought of as an umbrella agreement that governs the terms of future contract offers." *Id.* Here, the 2023 blanket purchase orders and releases formed binding release-by-release contracts. There is no dispute that the unpaid amount due under these contracts is $2,952,620.33. Thus, Plaintiff is entitled to summary judgment in this amount.

Plaintiff also requests pre-judgment interest at a rate set forth in the 2021 supply agreement. For the reasons discussed above within the context of Plaintiff's claim stemming from the "shortfall" amount, the Court declines to find Plaintiff is entitled to summary judgment on this aspect of its claim.

## IV. Conclusion

For the reasons above, Plaintiff's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. More specifically, Plaintiff's motion for summary judgment is granted as to the $2,952,620.33 due pursuant to the 2023 release-by-release contracts, and its motion for summary judgment is denied in all other respects.

SO ORDERED.

             s/Nancy G. Edmunds
             Nancy G. Edmunds
             United States District Judge

Dated: September 30, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2025, by electronic and/or ordinary mail.

             s/Marlena Williams
             Case Manager